UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 22 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Daniel Isai Harvey,                      )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )   Civil Action No.  17-2573 (UNA)
                                         )
NFN Newman *et al.*,                     )
                                         )
            Defendants.                  )

## MEMORANDUM OPINION

This matter, transferred from the United States District Court for the Northern District of Texas [Dkt. # 7], is before the Court on its initial review of plaintiff's *pro se* complaint [Dkt. # 1] and application to proceed *in forma pauperis* ("IFP") [Dkt. # 3]. The IFP statute requires dismissal of a case "at any time" the Court determines, as it will here, that the complaint fails to state a claim upon which relief may be granted, is frivolous, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has sued three judges of the United States Court of Appeals for the Federal Circuit. He has attached to the complaint a per curiam decision of the Federal Circuit, affirming the Court of Federal Claims' dismissal of plaintiff's complaint for want of subject matter jurisdiction. Those decisions form the basis of this civil action. Plaintiff alleges, *inter alia*, that defendants had "no constitutional purpose in dismissing my lawsuit, knowing that the criminal conspiracy 'merit' that is contained within the lawsuit is a 'new' and 'undefined' criminal conspiracy and constitutionally defined form of slavery[.]" Compl. at 4. He seeks $3 million in damages, *id.* at 8, and equitable relief that includes a declaration that "the federal tort claims act

1

of 1946 is unconstitutional," and an injunction "providing an inability for judges to dismiss cases through their official duties[.]" Compl. at 3-4.

### 1. Judicial Immunity

"Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in [their] judicial capacity, unless [the] actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (citation omitted). Such "immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). It is without question that the challenged actions fall squarely within defendants' judicial functions and jurisdiction. As a result, defendants enjoy absolute immunity from the damages claim.

### 2. Frivolousness

A claim may be dismissed as frivolous when it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's claim for injunctive relief, *see supra*, satisfies this standard. District courts generally lack authority to review the decisions of other courts, "cannot exercise appellate mandamus over other courts," *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011), and certainly cannot "order the judges or officers of a higher court to take an action" or refrain from taking an action, *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980). Furthermore, "by filing a complaint in this Court against federal judges who have done nothing more than their duty . . ., [plaintiff] has instituted a meritless [and frivolous] action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995).

### 3. Failure to State a Claim for Declaratory Relief

The Court is authorized to grant declaratory relief "in a case of actual controversy within its jurisdiction[.]" 28 U.S.C. § 2201(a). That criteria is not met in this case. Plaintiff challenges the constitutionality of the FTCA. But he has not alleged that he pursued, let alone exhausted, a claim under the FTCA by first presenting the claim "to the appropriate Federal agency" and obtaining a final written denial, or allowing six months to elapse without a final disposition. 28 U.S.C. § 2675(a). It is established in this circuit that this Court "lack[s] subject matter jurisdiction, or . . . the functional equivalent of it" over an unexhausted FTCA claim. *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007); *see Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) (finding an FTCA claim not previously presented to the appropriate agency barred on "jurisdictional" grounds) (citation and internal quotation marks omitted)); *Abdurrahman v. Engstrom*, 168 Fed. Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"). And in the absence of "a cognizable cause of action," a plaintiff has "no basis upon which to seek declaratory relief." *Ali*, 649 F.3d at 778.

For the foregoing reasons, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date:  January 19, 2018                                United States District Judge